# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| SAMUEL SMITH HARRIS, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 2:09-CV-0136-RWS |
| | : | |
| v. | : | |
| | : | |
| STAFF SGT. SEWELL, of the | : | PRISONER CIVIL RIGHTS |
| Lumpkin County Detention Center, | : | 42 U.S.C. § 1983 |
| Defendant. | : | |

**ORDER**

Plaintiff, Samuel Smith Harris, presently confined at the Hall County Detention Center in Gainesville, Georgia, has been granted leave to proceed in forma pauperis in the instant pro se civil rights action. The matter is now before the court for a 28 U.S.C. § 1915A frivolity determination and on Plaintiff's motions seeking a court order to gain access to the law library [Docs. 4 and 7].

## I. The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous

when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1953 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the

2

plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992). See also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C.

§ 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

In this civil rights action, Plaintiff sues Staff Sergeant Sewell ("Defendant") of the Lumpkin County Detention Center ("LCDC"). Plaintiff's allegations and claims arise in connection with his stay at the LCDC. Plaintiff seeks monetary relief as well as an apology from Defendant.

### A. Excessive Force

Because Plaintiff apparently was a pretrial detainee during his confinement at the LCDC, this Court must analyze his excessive force claim under the Fourteenth Amendment. Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005). Courts consider a variety of factors in determining whether the use of force is excessive, including (1) the need for force; (2) the amount of force used; and (3) the extent of the injury inflicted. See Carr v. Tatangelo, 338 F.3d 1259, 1271 (11th Cir. 2003). Courts also should consider "'whether or not a prison guard's application of force is actionable turns on whether that force the force was applied in a good faith effort to maintain or restore discipline or maliciously or sadistically for the very purpose of

causing harm.'" Bozeman, 422 F.3d at 1271 (quoting Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987)).

Plaintiff alleges that Defendant handcuffed Plaintiff, slammed Plaintiff face first onto the ground, fell on top of Plaintiff for a few moments, and then picked Plaintiff off the floor by the chain of his handcuffs. Plaintiff further alleges that he suffered injuries to his hand and knee. Plaintiff's allegations, if true, suggest that Defendant may have applied force maliciously and sadistically rather than in a good-faith effort to restore discipline. In light of the factual allegations presented, and in deference to the plaintiff's pro se status, the court cannot find that Plaintiff's excessive force claim against Defendant is "clearly baseless" or "meritless." Carroll, 984 F.2d at 393.

### B. Deliberate indifference

The Eighth Amendment prohibits deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To show deliberate indifference to a serious medical need, a plaintiff must show (1) "an objectively serious medical need" and (2) the defendant's subjective knowledge of, and more than negligent disregard of, that need. See Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003). Thus, allegations of negligence or malpractice do not state a constitutional violation that is cognizable under § 1983. McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir.

5

1999). As long as the medical treatment provided is "minimally adequate," a prisoner's preference for a different treatment does not give rise to a Constitutional violation. See Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991).

"[A]n official acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay." Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 (11th Cir. 1997). Deliberate indifference may be shown by refusal to provide medical care, deliberate delay in treating a serious medical condition, administering "grossly inadequate care," or "medical care which is so cursory as to amount to no treatment at all." McElligott, 182 F.3d at 1255 (citations omitted).

Plaintiff alleges the following facts with respect to his deliberate indifference claim:

(1) Plaintiff sat in the holding cell for three hours before he was examined by the nurse;

(2) the nurse informed Plaintiff that nothing was wrong with him;

(3) Defendant later taunted Plaintiff by saying that Plaintiff would not be examined by a nurse;

6

(4) a week later, the nurse again examined Plaintiff and informed him that there was nothing wrong with Plaintiff and that Plaintiff would not receive treatment; and

(5) a doctor subsequently informed Plaintiff that there was nerve damage in his hand but that Plaintiff would receive no treatment for it.

[Doc. 1 at 7-8]. Plaintiff's allegations, if true, indicate that he suffered some injuries as a result of Defendant's use of force. Plaintiff, however, alleges no facts to suggest that his injuries were life threatening or that any delay caused by Defendant in receiving treatment exacerbated an urgent medical condition involving his hand and knee injuries. Plaintiff's deliberate indifference claim against Defendant, therefore, is subject to dismissal.[1]

### C. Pending Motions

Plaintiff has filed two motions seeking a court order to gain access to the law library. [Docs. 4 and 7]. In these motions, Plaintiff appears to claim a denial of his right to access the courts based on his restricted access to the law library and other available resources. [Id.].

---

[1] Plaintiff's allegations potentially implicate the treating nurse and doctor as acting with deliberate indifference to Plaintiff's medical needs. Plaintiff, however, has failed to identify these individuals or otherwise list them as defendants in this case.

7

"Prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). In Bounds, the Supreme Court explained that "[t]he fundamental right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate legal assistance from persons trained in the law." Id. at 838. Nevertheless, "the inability to access the law library is not, in itself, an unconstitutional impediment." Zaken v. Kelley, No. 8:07-CV-867-T-30EAJ, 2008 WL 5122201, at *2 (M.D. Fla. Dec. 5, 2008) (citing Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000)).

"The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite.'" Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) (citing Lewis v. Casey, 518 U.S. 343, 351 (1996)). A plaintiff, therefore, must demonstrate that the deprivation hindered his "efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." Wilson, 163 F.3d at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996)).

AO 72A
(Rev.8/82)

Plaintiff has failed to allege any "actual injury" as a result of his restricted access to the jail's law library. Indeed, Plaintiff has not indicated how he has been hindered in his efforts to pursue his claims in this case. The fact that Plaintiff has been able to file this complaint and other pleadings demonstrates that he is not being denied meaningful access to this Court. Accordingly, Plaintiff's motions [Docs. 4 and 7] are denied without prejudice to renewal upon a demonstration by Plaintiff that he is being denied meaningful access to the courts.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motions seeking a court order to gain access to the law library [Docs. 4 and 7] are **DENIED** without prejudice to renewal upon a demonstration by Plaintiff that he is being denied meaningful access to the courts.

**IT IS FURTHER ORDERED** that Plaintiff's deliberate indifference claim is **DISMISSED** pursuant to § 1915A for failure to state a claim against Defendant.

In light of the facts presented by Plaintiff, and in deference to his pro se status, **IT IS FURTHER ORDERED** that his excessive force claim is **ALLOWED** to **PROCEED**.

AO 72A
(Rev.8/82)

The Clerk is hereby **DIRECTED** to send Plaintiff a USM 285 form, summons, and initial disclosures form for Defendant. Plaintiff is **DIRECTED** to complete a USM 285 form, summons, and initial disclosures form for Defendant, and to return them to the Clerk of Court within twenty (20) days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for Defendant. The service waiver package must include two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant for return of the waiver form, one (1) copy of the complaint [Doc. 1], one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 form and summons for Defendant.

Upon completion of a service waiver package for Defendant, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail a service waiver package to Defendant. Defendant has a duty

AO 72A
(Rev.8/82)

to avoid unnecessary costs of serving the summons. If Defendant fails to comply with the request for waiver of service, he must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for Defendant. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve Defendant. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve Defendant or his counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or his counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

11

Plaintiff is also **REQUIRED** to **KEEP** the court and Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS FURTHER ORDERED** that this case **SHALL** proceed on a four (4) month discovery track, beginning thirty (30) days after the appearance of Defendant by answer to the complaint, subject to extension by motion filed prior to the expiration of the discovery period. See LR 26.2(A)-(B), NDGa.

**IT IS SO ORDERED**, this  6th  day of November, 2009.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)